**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |
|---|---|
| **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,** ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | |
| **TAMMY MEGGS-HARVELL,** ) ) ) | **Civil Action No.: 3:26-cv-00311** |
| Serve: 7910 Beach Road ) Chesterfield, VA 23238 ) ) | |
| and ) ) | |
| **LEONARD K. SMITH,** ) ) ) | |
| Serve: 6630 Waymore Lane ) Chester, VA 23831 ) ) | |
| **Defendants.** ) ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Travelers Property Casualty Company of America ("Travelers"), by counsel, states as follows as its Complaint for Declaratory Judgment against Defendants Tammy Meggs-Harvell ("Ms. Harvell") and Leonard K. Smith ("Mr. Smith").  Travelers seeks a declaration that it does not owe liability coverage under the applicable terms and conditions of a business auto insurance policy because Defendant Smith did not have permission to use the covered auto at the time of the accident.

## I.   Parties

1.      Plaintiff Travelers is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Connecticut.  At all relevant times, Travelers was authorized to conduct the business of insurance in the Commonwealth of Virginia.

2.      Defendant Ms. Harvell is a natural person residing in Chesterfield, Virginia.

3.      Defendant Mr. Smith is a natural person residing in Chester, Virginia.

## II.   Jurisdiction and Venue

4.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202. The Court has jurisdiction since an actual controversy exists between Travelers and the Defendants as to Travelers' obligations to provide coverage under a policy of insurance issued and delivered in Virginia to Curtis Contracting, Inc.

5.      The jurisdiction of this Court is invoked pursuant 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff Travelers and Defendants, and the amount in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars ($75,000).

6.      Venue is proper pursuant to 28 U.S.C. § 1391.

## III.   Facts

### A.   The Company Vehicle Policy

7.      At all times relevant to this Complaint, Mr. Smith was an employee of Curtis Contracting, Inc.  ("Curtis Contracting").

8.      As part of his employment, Curtis Contracting authorized Mr. Smith to use a company vehicle for Curtis Contracting's business purposes only.

2

9.      Curtis Contracting's "Company Vehicle Policy" is explicitly described in an Employee Handbook as follows:

Permissible Uses

Company vehicles are available to authorized individuals for business purposes only. Company vehicles may only be used for business purposes and for commuting by the individual to whom the car was assigned if approved by Curtis Contracting. Individuals using a company vehicle may make incidental stops without violating this policy.

10.     The Employee Handbook also enumerated "Improper use . . . of vehicles" as an example of "Unacceptable Behavior."

11.     Mr. Smith was provided with a copy of the Employee Handbook containing the Company Vehicle Policy in the course of his employment.  He acknowledged receipt of the Handbook by signing the Employee Handbook Acknowledgement Form.

**B.      The Accident**

12.     On or about September 24, 2025, Mr. Smith was operating a truck owned by Curtis Contracting pursuant to the Company Vehicle Policy when he drove the truck for several personal matters: to a court appearance, to the grocery store, and back to his apartment complex to deliver his groceries and court documents to his home in Chesterfield, Virginia.

13.     As Mr. Smith was turning the truck into the apartment complex, a pedestrian, Ms. Harvell, was jogging along the street.

14.     Mr. Smith subsequently struck Ms. Harvell, causing her severe bodily injuries (the "Accident").

15.     Mr. Smith did not have permission from his supervisor, Jarrod Basnett ("Mr. Basnett"), to use the company truck for his personal court appointment, to go to the grocery store to purchase groceries, or to deliver his court documents and groceries to his home.

16.     Mr. Smith did not request permission from Mr. Basnett to use the company truck for his personal court appointment, to go to the grocery store, or to deliver his court documents and groceries to his home.

17.     Mr. Basnett was unaware that Mr. Smith was not at his job site and not working on September 24, 2025 until he received a call from Mr. Smith about the Accident.

### C.     *The Travelers Policy*

18.     Travelers issued Business Auto Policy No. VTC2J-CAP-2W268458-TIL-25 to Named Insured "Curtis Contracting, Inc.", which was effective from July 1, 2025, to July 1, 2026 (the "Policy").

19.     Relevant to this Complaint, the Policy contains the following provisions:

**Section II- COVERED AUTOS LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\*\*\*\*\*

**1. Who Is An Insured**

The following are "insureds":

\*\*\*\*\*

**b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow [.]

4

## IV.    Count I – Declaratory Judgment

20.    Travelers realleges and reincorporates herein by reference the allegations set forth in the foregoing paragraphs.

21.    An actual controversy exists between Travelers, Ms. Harvell, and Mr. Smith, concerning whether Travelers has a duty under the Policy to provide liability coverage for injuries sustained by Ms. Harvell in the Accident.

22.    Thus, pursuant to 28 U.S.C. § 2201 and § 2202, Travelers seeks a declaration that Travelers is not obligated to provide liability coverage under the terms of the Policy with respect to the Accident because:

a.    The express language of the Policy only provides liability coverage an "insured" is legally obligated to pay;

b.    Mr. Smith fails to meet the Policy definition of an "insured," because he did not have permission to use Curtis Contracting's truck at the time he struck Ms. Harvell.

23.    There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

WHEREFORE, Plaintiff Travelers Property Casualty Company of America respectfully requests that this Court:

i)    Declare that Travelers does not have a duty to provide coverage under the Policy to Defendant Mr. Smith against any claim brought by Defendant Ms. Harvell in connection with the Accident;

ii)    Award such other and further relief as this Court deems just and proper.

Respectfully submitted,

**TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA**


**By:** /s/ John B. Mumford, Jr.
                    **Counsel**

John B. Mumford, Jr. (VSB No. 38764)
Maureen E. Mshar (VSB No. 85680)
HANCOCK, DANIEL & JOHNSON, LLC
4701 Cox Road, Suite 400
Glen Allen, VA  23060
Telephone: (804) 967-9604
Facsimile:  (804) 967-9888
jmumford@hancockdaniel.com
mmshar@hancockdaniel.com
*Counsel for Travelers Property
Casualty Company of America*

6