**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

Plaintiff,

v. Civil Action No. 3:26-cv-311

TAMMY MEGGS-HARVELL, et al.,

Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on a MOTION TO DISMISS FOR FAILURE TO JOIN NECESSARY AND INDISPENSABLE PARTIES (ECF No. 14) (the "MOTION") filed by Defendant Tammy Meggs-Harvell, the accompanying memorandum in support (ECF No. 15), memorandum in opposition (ECF No. 19), the Defendant's reply memorandum (ECF No. 20), and the Plaintiff's supplemental brief (ECF No. 25). For the reasons set forth below, the MOTION will be denied.

## BACKGROUND

This case arises out of an automobile accident in which Tammy Meggs-Harvell, a pedestrian, was struck and injured by a truck driven by Leonard K. Smith. ECF No. 1, at 1. Smith was an employee of nonparty Curtis Contracting, Inc. ("CCI") and was operating a company vehicle at the time. Id. at 1-2. By CCI's policy, Smith was only permitted to use the truck for company business or incidental stops in the course of company business. Id. at 3. On

the day of the accident, Smith had left his jobsite without permission and driven the vehicle to attend to several non-work-related matters. Id. He struck Meggs-Harvell as he turned into his apartment parking lot to drop off groceries and court documents at his home. Id.

CCI holds an auto insurance policy issued by Travelers Property Casualty Company of America ("Travelers"). Id. at 4. The terms of the policy provide that Travelers will pay all damages that an "insured" would pay arising out of accidents involving company vehicles. Id. The term "insured" includes, as relevant here, all people using a vehicle with the permission of CCI. Id.

Travelers instituted this action on April 15, 2026, seeking a declaratory judgment that it is not obligated to pay damages to Meggs-Harvell from the accident with Smith. Id. at 1. Travelers contends that Smith is not an insured within the meaning of the policy because he was operating the vehicle without CCI's permission. Id. at 5.

Meggs-Harvell filed the MOTION on June 23, 2026. ECF No. 14, at 1. She argues that Travelers failed to join two indispensable parties under Fed. R. Civ. P. 19, namely CCI and Allmerica Financial Benefit Insurance Company ("Allmerica"), the insurer that issued Meggs-Harvell's auto insurance policy. ECF No. 15, at 1, 13. According to the MOTION, CCI is necessary because it has an

interest in the resolution of the permission question that is not adequately represented by Smith. Id. at 8. Allmerica is said to be necessary because whether it provides Meggs-Harvell uninsured motorist coverage for the accident depends on the resolution of the permission question. Id. at 13-14.

## STANDARD OF REVIEW

### I. Rule 19

Fed. R. Civ. P. 19 requires that certain parties must be joined to an action if the case is to proceed. The Rule contemplates a two-step analysis.

First, Rule 19 mandates joining all "necessary" parties. Nat'l Union Fire Ins. Co. v. Rite Aid of S.C., Inc., 210 F.3d 246, 249-50 (4th Cir. 2000). To be "necessary" the party's absence (1) means that the court cannot provide complete relief; (2) would impair the ability to protect the absent party's an interest relating to the matter; or (3) would leave the absent party subject to "substantial risk" of incurring multiple, inconsistent obligations with respect to the matter. Fed. R. Civ. P. 19(a)(1). However, if an absent party's interests are sufficiently represented by one already present in the litigation – i.e., if the interests are identical to those of a party – then that party is not necessary. Ohio Valley Env't Coal. v. Bulen, 429 F.3d 493, 504-05 (4th Cir. 2005).

Second, if an absent party is necessary, the court must then consider whether it is "feasible" to join that party and, if not, whether the absent party is "indispensable." Rite Aid, 210 F.3d at 249-50; Fed. R. Civ. P. 19(b). Joinder is not feasible when, among other circumstances, joinder would destroy subject matter jurisdiction. Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005).

When evaluating feasibility, the Fourth Circuit has directed application of the "principal purpose" test, which first asks what the primary controversy in the matter is and then determines what side the absent party falls on with respect to that issue. United States Fid. & Guar. Co. v. A & S Mfg. Co., 48 F.3d 131, 133 (4th Cir. 1995).

Rule 19(b) sets forth several factors to consider when determining if party is indispensable:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>   (A) protective provisions in the judgment;
>   (B) shaping the relief; or
>   (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). And the test examines the totality of the circumstances — the factors should not be applied mechanically.

Peterson v. Harrah's NC. Casino Co., LLC, 169 F.4th 520, 525 (4th Cir. 2026). If a party is indispensable, and joinder is infeasible, then the case must be dismissed. Fed. R. Civ. P. 19(b).

The movant bears the burden of showing that the absent party is necessary and indispensable. Marina One, Inc. v. Jones, 29 F. Supp. 3d 669, 674 (E.D. Va. 2014). The court may "consider materials beyond the pleadings and make factual findings based on them." Peterson, 169 F.4th at 524.

**II. Subject Matter Jurisdiction**

Subject matter jurisdiction is the power of a court to hear a particular case. Federal courts are courts of limited subject matter jurisdiction. The Complaint relies on diversity of citizenship as its jurisdictional predicate. ECF No. 1 ¶ 5. A federal court has diversity jurisdiction when (1) the amount in controversy exceeds $75,000 and (2) complete diversity is present. 28 U.S.C. § 1332. Complete diversity means that all plaintiffs are citizens of a different state than all defendants. Athena Auto., Inc. v. DiGregorio, 166 F.3d 288, 290 (4th Cir. 1999).

## ANALYSIS

**I. Curtis Contracting**

**1. CCI Is Not Necessary**

CCI is not a necessary party because its interests are adequately represented by the participation of its insurer,

Travelers. Meggs-Harvell has failed to meet her burden to show that CCI's interest differs from that of Travelers.

**a. Complete Relief**

The Court can afford complete relief among the existing parties. A declaration that Travelers is not liable to pay damages owed by Smith would fully resolve all pending claims. See Horner v. Pharmacists Mut. Ins. Co., No. 3:10-cv-597, 2010 WL 5677695, at *4 (E.D. Va. Dec. 17, 2010), report and recommendation adopted, No. 3:10-cv-597, 2011 WL 336468 (E.D. Va. Feb. 3, 2011) (holding that an insured was not a necessary party to an action between an insurer and an accident victim regarding whether the insured's employee had permission to drive a company car). If the parties need CCI's perspective as to whether Smith had permission to drive the car, they may may call an officer or designee of CCI as a witness or serve a subpoena duces tecum to gain access to CCI's documents. Id.

Meggs-Harvell argues that a decision in this case would "bind only Smith and Meggs-Harvell" and thus leave unresolved the issue of whether CCI is covered. ECF No. 15, at 6-7. However, Travelers has taken the position that that it continues to cover CCI for the accident because the company is a named insured on the policy. ECF No. 19, at 7-8. Whether Smith is also covered will not affect that determination. Id.

b. Impairment of CCI's Interest

As Meggs-Harvell readily acknowledges, "Curtis Contracting holds the same position as Travelers" on the issue of Smith's permission to use the vehicle. ECF No. 15, at 9. That statement concedes that CCI and Travelers have identical interests in this matter. Both seek for Travelers to prevail and for the Court to find that Smith did not have permission to use the truck at the time of the accident. See Horner, 2010 WL 5677695, at *5 (finding the insured and the insurer have the same interest); Hill v. Liberty Mut. Ins. Co., 453 F. Supp. 1342, 1344 (E.D. Va. 1978) (holding that an insured nonparty's interests were "protected by the presence of [her] insurance company as a defendant").

Meggs-Harvell relies principally on the decision in National Union Fire Insurance Co. v. Rite Aid of South Carolina Inc., 210 F.3d 246 (4th Cir. 2000). Rite Aid involved a dispute between an insurance company, National Union, and RASC, a subsidiary of Rite Aid, a company that National Union insured. Id. at 248-49. RASC had misfiled a prescription, thereby causing serious injuries to a customer. Id. at 248. Under the terms of the insurance policy, Rite Aid had to pay the first $250,000 of damages owed by RASC, and National Union would pay any additional cost up to the policy limit. Id. However, National Union had no obligation to pay unless RASC had properly reported the claim. Id. National Union sued RASC

in federal court to seek a declaratory judgment regarding its obligations to pay the claim, alleging that RASC had failed to comply with the reporting requirements set by the policy. Id. Shortly thereafter, RASC and Rite Aid filed a similar case in state court seeking the opposite outcome. Id. In the federal case, RASC moved to dismiss, arguing that Rite Aid was a necessary and indispensable party. Id. at 248-49.

The Fourth Circuit found that Rite Aid was a necessary party because the outcome of the case could affect how the notice provision applied in future cases. Id. at 250-51. RASC could not adequately represent Rite Aid's interests, because RASC was involved only in this one dispute and not any future cases concerning Rite Aid's other subsidiaries. Id. Moreover, the court held "a contracting party is the paradigm of an indispensable party." Id. at 252 (quoting Travelers Indem. Co. v. Household Int'l, Inc., 775 F. Supp. 518, 527 (D. Conn. 1991)). By analogy, Meggs-Harvell argues that Smith cannot adequately represent CCI's interest because their interests are opposed. ECF No. 15, at 8.

That very well may be true: Just as RASC could not represent Rite Aid, Smith cannot represent the interests of CCI. But, as explained above, CCI's interest is identical to Travelers' — not to that of Smith. Unlike Rite Aid, where the insured and its subsidiary were on the same side of the litigation but had

differing interests, CCI and Smith would be opposed. Smith wishes to have Travelers indemnify him; Curtis Contracting and Travelers do not want that to happen because that may subject them to liability. See ECF No. 15, at 9. And in any event, Travelers will continue to defend CCI's interest without regard to the determination of its coverage of Smith. ECF No. 19, at 7. Meggs-Harvell has not presented any evidence that Travelers would not adequately represent CCI's interests. Indeed, she argues quite the opposite. See ECF No. 15, at 9. Therefore, because CCI and Travelers have identical interests, Curtis is not a necessary party within the meaning of Rule 19. See Bulen, 429 F.3d at 504-05 ("[T]he interests of the current parties are identical to the interests of the [nonparties] . . . the former would therefore adequately represent the interests of the latter . . . .").

**c. Multiple Inconsistent Obligations**

Nor would CCI be subject to conflicting obligations if the Court decides this matter without it. Fed. R. Civ. P. 19(a)(1)(B)(ii). The "possibility of incurring inconsistent or multiple obligations" is not sufficient: The moving party must establish that there is a "substantial risk" of inconsistent or multiple obligations. Horner, 2010 WL 5677695, at *5. This facet of the test is typically met when there is another pending case involving the same matter. See Rite Aid, 210 F.3d at 252 (finding

that Rite Aid faced multiple inconsistent obligations because of the second case over the insurance dispute, to which they were already a party); Horner, 2010 WL 5677695, at *5 (indicating that the prong was not met because it was conclusory to assume that the parties may be involved in a subsequent lawsuit).

The pleadings have not identified another proceeding involving the liability between Smith and Meggs-Harvell. Moreover, Meggs-Harvell appears to concede in her reply brief that this element is not met, choosing instead to focus on the Rule 19(a)(1)(B)(i) impairment factor. ECF No. 20, at 4-5. Therefore, on this record, CCI does not face a substantial risk of inconsistent or multiple obligations.

**2. CCI Is Not Indispensable**

Because CCI is not a necessary party, it is "[a] fortiori not an indispensable party under Rule 19(b)." Hill, 453 F. Supp. at 1345. Even if CCI were necessary, joinder would not be feasible because doing so would destroy subject matter jurisdiction.

Under the principal purpose test, CCI would be aligned as a plaintiff because it would seek a holding that Smith operated the truck without permission. A & S Mfg. Co., 48 F.3d at 133; ECF No. 15, at 9. CCI, Meggs-Harvell, and Smith are all citizens of Virginia. ECF No. 15, at 9. Complete diversity would be destroyed if CCI were joined, and the Court would lose subject matter

jurisdiction; thus, the Court must consider the indispensability analysis. DiGregorio, 166 F.3d at 290; 28 U.S.C. § 1332.

CCI is not indispensable because there is no prejudice to its interests. As described above, Travelers adequately represents CCI, because they share an identical interest in securing a finding that Smith did not have permission to use the truck. See supra Section I.1.b. Therefore, a judgment rendered in CCI's absence would not harm its interests. The matter would have been fully litigated by someone who had the same motives and goals in the action. See Bulen, 429 F.3d at 504-05. Additionally, contrary to Meggs-Harvell's assumptions, Travelers would also not face prejudice from a future lawsuit by CCI seeking coverage, because the company has asserted it will continue to defend CCI regardless of the outcome here. ECF No. 15, at 11; ECF No. 19, at 7.

Because there would be no harm to CCI's interests in proceeding without it, there would inherently be no need to shape relief to avoid that harm in its absence. Fed. R. Civ. P. 19(b)(2). And as discussed above, a judgment would completely resolve the question presented in this case without the need for CCI to participate. See supra Section I.1.a; Fed. R. Civ. P. 19(b)(3). The final Rule 19(b) factor, the existence of an alternative remedy, does weigh toward indispensability — Travelers could indeed sue in state court — but that alone does not justify

dismissing this case under the circumstances. Fed. R. Civ. P. 19(b)(4); Peterson, 169 F.4th at 525 (holding that indispensability is a totality of the circumstances analysis).

Therefore, because CCI is neither necessary nor indispensable, this matter may proceed without it.

**II. Allmerica**

**1. Allmerica Is Not Necessary**

Allmerica, Meggs-Harvell's insurer, is not a necessary party to this action because, although it has an interest in the case, that interest is not sufficiently important to invoke Rule 19(a).

"The absentee must have a direct stake in the pending litigation; an interest in a related subject matter is not sufficient to be defined as a necessary party." 4 Richard D. Freer, Moore's Federal Practice - Civil § 19.03 (2026). Meggs-Harvell asserts that Allmerica has an interest in the case because a decision as to Travelers' coverage of Smith would determine whether Allmerica is obligated to pay Meggs-Harvell under its uninsured motorist policy. ECF No. 15, at 14.

Although that question is related to the one raised in this case, it is not directly at issue here. See Freer, supra. The Court does not have before it the terms of Meggs-Harvell's policy; it is unknown how Allmerica would consider a motorist who is not covered by an employer's policy; and there have been no facts presented

regarding whether Smith has independent personal coverage. Thus, a decision that Smith is not covered by Travelers may inform the question of Allmerica's coverage – but it will not decide it. That matter is a dispute between Allmerica and Meggs-Harvell.

The Court previously has found that an injured party's insurance carrier is not a necessary party in a case deciding whether a tortfeasor was uninsured by his employer. In Philadelphia Indemnity Insurance Co. v. TLC Home Health, Inc., plaintiff insurance company sought a declaratory judgment that it was not obligated to defend the driver of a car that negligently struck another motorist, named Wood. No. 3:25-cv-120, 2025 WL 5079193, at *1 (E.D. Va. July 2, 2025). The Court found that Wood's insurance company (Penn National) was not a necessary party to the action because the case only involved the plaintiff's obligation to pay Wood – not the uninvolved company's obligations. Id. at *3. Penn National was interested in the case "in the colloquial sense," but not "in the legal sense" because any impact on its obligations was merely incidental to the outcome of that case. Id.

The same is true here. Allmerica is not a party to the insurance contract in question. It may like to know whether Smith is covered by that contract, but it does not have the right to participate in that determination: The matter of its obligations will be resolved solely through interpreting its own contract.

See, e.g., Kelly Health Care Inc. v. Prudential Ins. Co., 226 Va. 376, 380 (1983) (noting that, under Virginia law, an "incidental beneficiary has no standing to sue" on a contract). Therefore, Allmerica is not a necessary party and need not be joined.

**2. Allmerica Is not Indispensable**

If Allmerica were required to be joined, doing so would not destroy the Court's subject matter jurisdiction. No matter the side with which Allmerica would be aligned, complete diversity would still exist. Meggs-Harvell and Smith are both Virginia citizens. ECF No. 15, at 9. Travelers is both incorporated and has its principal place of business in Connecticut. Id. at 3—4. Allmerica is a Massachusetts corporation with its principal place of business in Massachusetts. Id. at 14. No other party is a citizen of Massachusetts, so complete diversity exists no matter how the parties are oriented. See 28 U.S.C. § 1332. Therefore, if Allmerica were necessary, the proper remedy would be to join them to the case rather than dismissing the action. Fed. R. Civ. P. 19.

**CONCLUSION**

For the foregoing reasons, the MOTION (ECF No. 14) will be denied.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 20, 2026